IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SIDNEY T. LEWIS, *et al.* :

        Plaintiffs, : Civil Action 2:09-cv-179

v. : Judge Marbley

NORTH AMERICAN SPECIALTY : Magistrate Judge Abel
INS. CO., *et al.*
         :
        Defendants.

**ORDER**

This matter is before the Court pursuant to the Magistrate Judge's initial screening report and recommendation of March 25, 2009 (Doc. 4), screening the complaint in this case pursuant to 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). The Magistrate Judge recommended that this case be dismissed because the complaint does not contain a short and plain statement of the grounds for this court's jurisdiction, as required by Fed. R. Civ. Pro. 8(a), and because it fails to state claims for relief. The Court will now review the Report and Recommendation *de novo*, pursuant to Fed. R. Civ. Pro.

1

72(b)(3).

As the Magistrate Judge noted, Plaintiffs have filed numerous suits in this Court complaining that they had been injured by the actions of the Huntington National Bank, the United States, the Bankruptcy Court, and the bankruptcy trustee. All of those claims – which, as far as the Court can determine, are rehashed here – have been addressed and adjudicated in other cases. *See, e.g., Lewis v. McClatchey*, Case No. 2:08-cv-1042, Order of May 15, 2009 (Huntington National Bank and United States claims have been found frivolous; bankruptcy trustee claims have been previously litigated). As these matters are *res judicata*, the Magistrate Judge was correct in concluding that the Plaintiffs cannot bring suit yet again to relitigate these issues.

In addition, to the extent that the complaint at bar does not reiterate previously-decided matters, it is impossible for the Court to determine what claims are alleged or upon what basis Plaintiffs invoke this Court's jurisdiction. Fed. R. Civ. Pro. 8(a)(1) requires "a short and plain statement for the grounds of the court's jurisdiction", and Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint here, which the Magistrate Judge accurately characterized as "rambling", fulfills neither requirement. Moreover, it appears at points to address or challenge bankruptcy proceedings, but does not actually appeal any specific order of the Bankruptcy Court.

As the complaint signally fails to state the basis for the exercise of

jurisdiction by this Court, fails to offer a short and plain statement of the claims brought, and fails to state any cognizable claim which has not already been adjudicated by this Court, dismissal is proper. Accordingly, the Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge. Because it finds that all claims set forth in this case are barred by law, it further hereby **ORDERS** that this matter be **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to close this case and to terminate all pending motions herein.

    **IT IS SO ORDERED**

s/Algenon L. Marbley  
Algenon L. Marbley  
United States District Judge

Dated: June 5, 2009